| | |
|---|---|
| **From:** | Friesen, Taylor |
| **Sent:** | Mon, 8 May 2023 09:50:24 -0400 |
| **To:** | Knoxville.Clm; Baker, James |
| **Cc:** | Brunner, Jack |
| **Subject:** | FW: SUIT 300-0107704-2020 CONCORDE CENTRE LLC v AUTO-OWNERS MUTUAL INSURANCE COMPANY |
| **Importance:** | High |

We received a new __suit__ that was received in Home Office Legal. This relates to claim number _300-0107704-2020 CONCORDE CENTRE LLC_.

Claims:  We are requesting this file and an updated file summary from Home Office Claims. Please send a preliminary report to _Jessica Winfrey_ as soon as possible.

HO Claims:  Please transfer your file to Legal and provide a detailed, updated file summary to _Jessica Winfrey_ as soon as possible.

<mark>Please note that this is a time sensitive matter. Please review documents closely to determine the date when a response is due.</mark>



**Taylor Friesen**

WORD PROCESSOR
HOME OFFICE LEGAL

p: 517.323.1201 ext 59014
hours: 7:00 a.m. to 3:30 p.m. EST

---

**From:** White-Thomas, Shelley <White-Thomas.Shelley@aoins.com>
**Sent:** Monday, May 8, 2023 9:00 AM
**To:** Friesen, Taylor <Friesen.Taylor@aoins.com>
**Subject:** RE: SUIT 300-0107704-2020 CONCORDE CENTRE LLC

Hi Taylor,

No special instructions.  Thanks.

Regards,
Shelley

Shelley J. White-Thomas, M.B.A./G.M., J.D.
ATTORNEY
HOME OFFICE LEGAL

p: 517.323.1201 ext. 50586
f:  517-391-1905

hours:  8:00 a.m. to 4:30 p.m. EST



This message is intended only for the use of the individual or entity to which it is addressed and may contain information that is privileged, confidential and exempt from disclosure under applicable laws. If the reader of this message is not the intended recipient, or the employee or agent responsible for delivering the message to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify the above-signed immediately by telephone and return the original message to me via e-mail. Thank you.

**From:** Friesen, Taylor <Friesen.Taylor@aoins.com>
**Sent:** Monday, May 8, 2023 8:44 AM
**To:** White-Thomas, Shelley <White-Thomas.Shelley@aoins.com>
**Subject:** SUIT 300-0107704-2020 CONCORDE CENTRE LLC
**Importance:** High

Hi Shelley,

**Please review in Jessica's absence.**

We received the attached **Summons and Complaint   Electronically** .

This appears to be for:

☐ PIP
☐ Med Pay
☐ UM/UIM
☐ Declaratory Relief
☐ Bad Faith
☒ Breach of Contract
☐ BI
☒ PD
☐ Windshield Damage
☐ Other: _____

The legal file is **Closed Claim Center**.

This will be forwarded to **Knoxville Claims & HO Claims**. Please review and reply with any special instructions for the branch.

Please note that this is a time sensitive matter. Please review documents closely to determine the date when a response is due.

**Taylor Friesen**

WORD PROCESSOR
HOME OFFICE LEGAL

p: 517.323.1201 ext 59014
hours: 7:00 a.m. to 3:30 p.m. EST

*Auto-Owners.*

INSURANCE

simple human sense


## Service of Process Transmittal Summary

**TO:**     Kathleen Lopilato, Vice President
AUTO-OWNERS INSURANCE COMPANY
6101 ANACAPRI BLVD
LANSING, MI 48917-3999

**RE:**     **Process Served in Tennessee**

**FOR:**     Auto-Owners Insurance Company  (Domestic State: MI)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | CONCORDE CENTRE, LLC vs. AUTO-OWNERS MUTUAL INSURANCE COMPANY |
| **DOCUMENT(S) SERVED:** | Letter, Summons, Return, Complaint, Exhibit(s), Attachment(s) |
| **COURT/AGENCY:** | Chattanooga County Circuit Court, TN<br>Case # 23C434 |
| **NATURE OF ACTION:** | Insurance Litigation |
| **PROCESS SERVED ON:** | C T Corporation System, Knoxville, TN |
| **DATE/METHOD OF SERVICE:** | By Traceable Mail on 05/03/2023 postmarked on 05/01/2023 |
| **JURISDICTION SERVED:** | Tennessee |
| **APPEARANCE OR ANSWER DUE:** | On or before 30 days after service of this Summons and Complaint upon you, exclusive of the day of service |
| **ATTORNEY(S)/SENDER(S):** | PHILLIP E. FLEENOR<br>DUNCAN, HOLLAND & FLEENOR, P.C.<br>518 GEORGIA AVENUE<br>SUITE 100<br>CHATTANOOGA, TN 37403<br>(423) 266-2207 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 05/03/2023, Expected Purge Date: 05/08/2023<br><br>Image SOP<br><br>Email Notification,  Kathleen Lopilato  lopilato.kathleen@aoins.com<br><br>Email Notification,  TERRI REICHENBACH  reichenbach.terri@aoins.com<br><br>Email Notification,  Legal Bot  legal.bot@aoins.com<br><br>Email Notification,  Lance Arnott  sopverification@wolterskluwer.com |
| **REGISTERED AGENT CONTACT:** | C T Corporation System<br>300 Montvue RD<br>Knoxville, TN 37919<br>877-564-7529<br>MajorAccountTeam2@wolterskluwer.com |


**REMARKS:**          Documents were served upon the Tennessee Secretary of State on 04/19/2023 and forwarded to CT Corporation.

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.

State of Tennessee
Department of Commerce & Insurance
500 James Robertson Pkwy
Service of Process 10th Floor
Nashville, TN 37243-0565

PLACE STICKER AT TOP OF ENVELOPE TO THE RIGHT
OF THE RETURN ADDRESS, FOLD AT DOTTED LINE

**CERTIFIED MAIL**

7020 1290 0001 6213 2855

FIRST CLASS

US POSTAGE ᴾᴮ PITNEY BOWES

ZIP 37243
02 4W
0000390138 MAY. 01. 2023

$ 020.55⁰

7020 1290 0001 6213 2856 5 April 2023

C T Corporation System
300 Montvue Rd
Knoxville, TN 37919-5546



Department of
**Commerce &
Insurance**

April 24, 2023

Auto-Owners Ins. Co.                          Certified Mail
300 Montvue Rd C/O C T C                      Return Receipt Requested
Knoxville, TN  37919-5546                     7020 1290 0001 6213 2855
NAIC # 18988                                  Cashier # 231415

Re:    Concorde Centre Llc   V.   Auto-Owners Ins. Co.

       Docket # 23C434

To Whom It May Concern

Pursuant to Tennessee Code Annotated §56-2-504 or § 56-2-506, the Department of
Commerce and Insurance was served April 19, 2023, on your behalf in connection with the
above-styled proceeding.  Documentation relating to the subject is herein enclosed.

Designated Agent
Service of Process

Enclosures

cc: Circuit Court Clerk
    Hamilton County
    625 Georgia Ave Room 500
    Chattanooga, Tn  37402

State of Tennessee, Department of Commerce & Insurance
500 James Robertson Parkway, Service of Process - 10th Floor, Nashville, TN 37243
Service.Process@tn.gov; 615-532-5260

_serve_

# STATE OF TENNESSEE
## In The Circuit Court For Hamilton County

FILED IN OFFICE
2023 APR 12 PH 2: 39
LARRY L. HENRY CLERK
mm

**CONCORDE CENTRE, LLC,**

    **Plaintiff,**

**v.**

**AUTO OWNERS MUTUAL
INSURANCE COMPANY,**

    **Defendant.**

**DOCKET NO.** 23C434

**DIVISION** _____

**JURY DEMAND**

## SUMMONS
### _SERVE THROUGH TENNESSEE COMMISSIONER OF INSURANCE_

TO DEFENDANT:    AUTO-OWNERS MUTUAL INSURANCE COMPANY - NAIC#18988
6101 Anacapri Blvd.
Lansing, MI 48917

You are summoned and required to Answer and make defense to a Complaint herewith served upon you. Your Answer to the Complaint must be filed and served upon plaintiff's attorney on or before thirty (30) days after service of this Summons and Complaint upon you, exclusive of the day of service. Your Answer must be filed in the OFFICE OF THE CIRCUIT COURT CLERK, 625 Georgia Avenue, Room 500 Courthouse, Chattanooga, Tennessee 37402. You are also required to serve a copy of your Answer upon the plaintiff's attorney, or the _pro se_ plaintiff as set out below. If you fail to do so, judgment by default will be taken against you for the relief demanded in the Complaint.

**ISSUED & ATTESTED** this _12_ day of April, 2023.

**LARRY L. HENRY, CIRCUIT COURT CLERK**

By: _Margaret Moseley_
           **DEPUTY CLERK**

| | |
|---|---|
| **ADAM U. HOLLAND** | **28083** |
| **PHILLIP E. FLEENOR** | **12075** |
| Petitioner's Attorney | BPR# |

**518 GEORGIA AVENUE, SUITE 100**
**CHATTANOOGA, TN 37403**
Address

**(423) 266-2207**    **(423) 265-8907**
Tel. N0.              Fax No.

---

**NOTICE TO DEFENDANT(S)**

Tennessee Code Annotated § 26-2-103 provides a $10,000.00 personal property exemption from execution or seizure to satisfy a judgment. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the Clerk & Master. The list may be filed at any time and may be changed by you thereafter as necessary; however unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed; these include items of necessary wearing apparel (clothing) for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible, and school books. Should any of these items be seized you, would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer.

## SUMMONS RETURN

I received this summons on _____. I certify and return that on _____, I

(Date)                                          (Date)

❑ served this summons and a complaint on defendant, _____

(Printed Name of Defendant)

in the following manner:

_____

_____

_____

❑ failed to serve this summons within thirty (30) days after its issuance because:

_____

_____

_____

_____          _____

Process Server Name (Printed)                Process Server Signature

_____

Address

_____

_____

# IN THE CIRCUIT COURT OF TENNESSEE
## ELEVENTH JUDICIAL DISTRICT, AT CHATTANOOGA

CONCORDE CENTRE, LLC,

      **Plaintiff,**

v.

AUTO-OWNERS MUTUAL
INSURANCE COMPANY,

      **Defendant.**

DOCKET NO. 23C434

DIVISION: ___

## JURY DEMAND

## COMPLAINT

Plaintiff Concorde Centre, LLC ("Concorde"), through counsel and for its

Complaint against Defendant Auto-Owners Mutual Insurance Company

("Defendant"), states as follows:

### PARTIES, JURISDICTION, AND VENUE

1.     Concorde is a Tennessee limited liability company with a principal place

of business at 1326 Hixson Pike, Chattanooga, TN 37405 that owns certain

commercial real property at 7750 E. Brainerd Road, Chattanooga, TN 37421 (the

"Property") on which it operates a shopping center (the "Shopping Center").

2.     Defendant is a Michigan insurance corporation with its principal place

of business at 6101 Anacapri Blvd, Lansing, MI 48917 and is licensed to do business

in Tennessee. It may be served with process in care of the Commissioner of the

Tennessee Department of Commerce and Insurance pursuant to Tenn. Code Ann. §

56-2-504.

3.      As this is an action on behalf of a Tennessee limited liability company against a Michigan insurance company for events occurring in Hamilton County Tennessee, jurisdiction is appropriate in this district and venue is proper in this forum.

## FACTS

4.      Defendant contracted with Concorde to insure the Property and Shopping Center.

5.      Defendant insured the Property and Shopping Center by issuing its insurance policy number 164619-03826384-19 (the "Policy"), a copy of which is in Defendant's possession. Concorde attaches the Policy's Declaration pages as **Exhibit 1** and incorporates it herein by reference.

6.      The term of the Policy was from 12:01 AM on August 24, 2019, until 12:01 AM on August 24, 2020.

7.      The tornadoes of April 12, 2020 (the "Tornadoes"), severely damaged the Property and Shopping Center.

8.      In addition to severely damaging the Shopping Center, the Tornadoes interrupted utility services, interfered with Concorde's commercial tenants' use of their leased premises in the Shopping Center, caused certain tenants to vacate their leased premises, and otherwise interrupted Concorde's business.

9.      Concorde filed a claim under the Policy for repairs and other damage to the Property and Shopping Center caused by the Tornadoes. Concorde attaches a copy

2

of the Sworn Statement in Proof of Loss it filed with Defendant as **Exhibit 2** and incorporates it herein by reference.

10. Defendant then began an unnecessarily complicated and lengthy claims process which resulted in Concorde not receiving all insurance proceeds owed to it under the Policy to reconstruct the Shopping Center and rectify the damages to it and Concorde's business caused by the Tornadoes.

11. For example, Defendant would request information from Concorde regarding its damages, Concorde would provide requested information to Defendant, Defendant would wait weeks to review the material and respond to Concorde, and then request new material that it should have previously requested, while failing to remit sufficient insurance proceeds to Concorde for it to repair the Shopping Center.

12. Concorde would comply with Defendant's requests, and the cycle would begin again.

13. Rather than processing Concorde's claim, Defendant and its adjuster wasted significant amounts of time with Concorde's principal and its manager with unfounded accusations that the tenants at the Shopping Center were not working or paying rent because of Covid concerns, all in an effort to diminish Concorde's claim and to delay paying it.

14. Defendant's pattern of delays, obfuscations, and outright refusals to cooperate delayed to Concorde from making necessary repairs to the Shopping Center and damaged Concorde's relationship with its tenants.

3

15. Defendant was aware of Concorde's leases with its tenants in the Shopping Center and Concorde's obligations to provide leasable space to its tenants pursuant to those leases.

16. Defendant's pattern of delays, obfuscations, and outright refusals to cooperate prevented Concorde from providing leasable space to its tenants as it was contractually obligated to provide to them.

17. Defendant's pattern of delays, obfuscations, and outright refusals to cooperate resulted in the Shopping Center remaining only partially reconstructed for almost two years.

18. The incomplete reconstruction of the Shopping Center resulting from Defendant's conduct damaged Concorde through its loss of certain tenants rent concessions it extended to tenants, and diminished rental income.

19. Despite Defendant's refusal to honor its Policy, Concorde needed to complete construction on the Shopping Center in order for it to comply with its contractual obligations with its tenants, to keep tenants from vacating the Shopping Center, and to meet its other contractual obligations with third parties.

20. Concorde has provided Defendant with sufficient information to enable Defendant to evaluate the Claim and to tender insurance proceeds to Concorde under the Policy.

21. Despite Defendant's failure to comply with the Policy and timely remit policy proceeds to Concorde pursuant to the Claim, Concorde signed a contract with a builder to perform the necessary repairs to complete the reconstruction of the

4

Shopping Center (the "Contract"). Concorde attaches a copy of the Contract as **Exhibit 3** and incorporates it herein reference.

22.    Concorde provided the Contract, including the construction plans, schedule of values, and repair schedule to Defendant. Concorde attaches this correspondence to Defendant as **Exhibit 4** and incorporates it herein by reference.

23.    The schedule of values and repair schedule are drafted in a manner that is consistent with industry standards for schedules of values and repair schedules.

## COUNT I
## BREACH OF CONTRACT

24.    Concorde repeats and realleges the allegations set forth in paragraphs 1 through 23.

25.    Between the schedule of values, repair schedule, and plans, all of which are incorporated into the Contract, as well as all of the material Concorde provided to Defendant since it submitted its Claim under the Policy, Defendant had enough material to analyze the Contract and to satisfy the Claim under the Contract and the Policy.

26.    Defendant has not paid sufficient funds under the Policy to satisfy the Claim.

27.    Defendant has not paid any sums pursuant to the Policy to satisfy the Contract.

28.    The Policy constitutes an enforceable contract between Concorde and Defendant.

29.    Concorde has complied with all conditions precedent to filing suit.

5

30.     By not honoring the Claim, including payment owed under the Contract, Defendant committed a material breach of contract.

31.     Defendant's material breach of contract has damaged Concorde in an amount to be proven at trial.

## COUNT II
## INTERFERENCE WITH BUSINESS RELATIONS

32.     Concorde repeats and realleges the allegations set forth in paragraphs 1 through 23.

33.     Defendant was aware of Concorde's business relationship with its Shopping Center tenants when it issued the Policy.

34.     Defendant intentionally or recklessly interfered with those business relationships when it failed to pay sufficient funds under the Policy for Concorde to repair the Shopping Center and to meet its contractual obligations with its tenants.

35.     As a result of Defendant's delays and avoidance of its contractual obligations to Concorde, Concorde was forced to make rental concessions to some of its tenants while other tenants simply vacated the Shopping Center.

36.     Defendant acted, and continues to act, with an improper motive or improper means by failing to pay sufficient funds pursuant to the Policy for Concorde to repair the Shopping Center and to meet its contractual obligations with its tenants.

37.     Defendant's tortious interference with Concorde's business relations has damaged Concorde in an amount to be determined at trial.

38.     Further, Defendant's malicious, intentional, fraudulent, or reckless disregard for Concorde's business relations with its tenants justifies and necessitates

6

the imposition of punitive damages in an amount within the sound discretion of the Court to compensate Concorde and to deter similar conduct from occurring in the future.

WHEREFORE, Concorde prays as follows:

A.    That process issue and a copy of this Complaint be served upon Defendant, requiring it to answer within the time set forth by the *Tennessee Rules of Civil Procedure*;

B.    That at the trial of this cause, judgment be entered in favor of Concorde and against Defendant for all sums due and owing under the Policy and Claim in an amount to be determined at trial as a result of its material breach of contract;

C.    That at the trial of this cause, judgment be entered in favor of Concorde and against Defendant for all sums due and owing under the Policy and Claim in an amount to be determined at trial as a result of Defendant's tortious interference with Concorde's business relations with its tenants;

D.    That at the trial of this cause, the Court award punitive damages against Defendant as a result of its tortious interference with its business relations in a sufficient amount to compensate Concorde and to deter similar conduct from occurring in the future;

E.    That at the trial of this cause, Concorde recover its attorney's fees and costs from Defendant;

F.    That Concorde be awarded prejudgment interest from Defendant pursuant to Tenn. Code Ann.§ 47-14-123;

7

G.  That costs of this cause be taxed to Defendant;

H.  That a jury be empaneled to try all of the issues in this cause; and

I.  That Concorde be awarded such other, further, compensatory, incidental, special, and general damages to which it may be entitled.

Respectfully Submitted,

By: _____
Adam U. Holland, Esq. (TN BAR NO. 28083)
Phillip E. Fleenor, Esq. (TN BAR NO. 12075)
**DUNCAN, HOLLAND & FLEENOR, P.C.**
518 Georgia Avenue Suite 100
Chattanooga, TN 37403
423-266-2207-telephone
aholland@dhifirm.com
pfleenor@dhifirm.com

*Attorneys for Concorde Centre, LLC.*

8



**EXHIBIT**

*1*


**Auto-Owners**

**Page 1**

Issued    07-02-2019

MUTUAL INSURANCE COMPANY
6101 ANACAPRI BLVD., LANSING, MI 48917-3999

**TAILORED PROTECTION POLICY DECLARATIONS**

**AGENCY**    THE AMERICAN INSURANCE GROUP LLC
19-0283-00          MKT TERR 094          423-362-4166

Renewal Effective      08-24-2019

**POLICY NUMBER**      164619-03826384-19

**INSURED**    CONCORDE CENTRE  LLC
ANDREW ADAMS

Company Use          03-46-TN-1608

**ADDRESS**    1326 HIXSON PIKE

CHATTANOOGA  TN  37405-3141

| Company Bill | Policy Term | | |
|---|---|---|---|
| | 12:01 a.m. | to | 12:01 a.m. |
| | 08-24-2019 | | 08-24-2020 |

In consideration of payment of the premium shown below, this policy is renewed. Please attach this Declarations and attachments to your policy.  If you have any questions, please consult with your agent.

55039 (11-87)

**COMMON POLICY INFORMATION**

**Business Description:**     Lessors Risk

**Entity:**     Limited Liab Corp

**Program:**    Mercantile

| THIS POLICY CONSISTS OF THE FOLLOWING COVERAGE PART(S): | PREMIUM |
|---|---|
| COMMERCIAL PROPERTY COVERAGE | $8,401.00 |
| COMMERCIAL GENERAL LIABILITY COVERAGE | $655.00 |
| **TOTAL** | **$9,056.00** |
| **PAID IN FULL DISCOUNT** | **$899.00** |
| **TOTAL POLICY PREMIUM IF PAID IN FULL** | **$8,157.00** |

**THIS PREMIUM MAY BE SUBJECT TO ADJUSTMENT.**

The Paid in Full Discount does not apply to fixed fees, statutory charges or minimum premiums.

Forms that apply to all coverage part(s) shown above (except garage liability, dealer's blanket, commercial automobile, if applicable):
IL0017 (11-85)       55001  (07-12)       59390  (01-15)

A 11% Cumulative Multi-Policy Discount applies.  Supporting policies are marked with an (X):
Comm Umb(X)  Comm Auto(X)  WC( )  Life(X)  Personal(X)  Farm( ).

Countersigned By: _____

Auto-Owners Ins. Co.                                                    Issued      07-02-2019

AGENCY  THE AMERICAN INSURANCE GROUP LLC          Company     POLICY NUMBER  164619-03826384-19
        19-0283-00        MKT TERR 094             Bill                          03-46-TN-1608

INSURED  CONCORDE CENTRE  LLC                             Term  08-24-2019  to  08-24-2020

---

54104 (07-87)

### COMMERCIAL PROPERTY COVERAGE

55198 (12-10)

### PREMIER PROPERTY PLUS COVERAGE PACKAGE DECLARATION

The coverages and limits below apply separately to each location or sublocation that sustains a loss to covered property and is designated in the Commercial Property Coverage Declarations.  No deductible applies to the below Property Plus Coverages.

| COVERAGE | LIMIT |
| --- | --- |
| ACCOUNTS RECEIVABLE | $200,000 |
| BAILEES | $15,000 |
|  | $10,000 PER ITEM |
| BUSINESS INCOME & EXTRA EXPENSE W/RENTAL VALUE, INCLUDING NEWLY ACQUIRED LOC'S | $150,000 |
| DEBRIS REMOVAL | $100,000 |
| ELECTRONIC DATA PROCESSING EQUIPMENT | $100,000 |
| EMPLOYEE DISHONESTY | $50,000 |
| FINE ARTS, COLLECTIBLES AND MEMORABILIA | $50,000 |
|  | $10,000 PER ITEM |
| FIRE DEPARTMENT SERVICE CHARGE | $25,000 |
| FORGERY AND ALTERATION | $50,000 |
| MONEY AND SECURITIES INSIDE PREMISES | $50,000 |
| MONEY AND SECURITIES OUTSIDE PREMISES | $50,000 |
| NEWLY ACQUIRED BUSINESS PERSONAL PROPERTY | $500,000 FOR 90 DAYS |
| NEWLY ACQUIRED OR CONSTRUCTED PROPERTY | $1,000,000 FOR 90 DAYS |
| ORDINANCE OR LAW | SEE COMMERCIAL PROPERTY DECLARATIONS |
| OUTDOOR PROPERTY | $25,000 |
| TREES, SHRUBS OR PLANTS | $1,000 PER ITEM |
| RADIO OR TELEVISION ANTENNAS | $20,000 |
| PERSONAL EFFECTS AND PROPERTY OF OTHERS | $50,000 |
| POLLUTANT CLEAN UP AND REMOVAL | $100,000 |
| PROPERTY IN TRANSIT | $100,000 |
| PROPERTY OFF PREMISES | $100,000 |
| REFRIGERATED PRODUCTS | $25,000 |
| SALESPERSON'S SAMPLES | $25,000 |
| UTILITY SERVICES FAILURE | $150,000 |
| VALUABLE PAPERS AND RECORDS ON PREMISES | $150,000 |
| VALUABLE PAPERS AND RECORDS OFF PREMISES | $25,000 |
| WATER BACK-UP FROM SEWERS OR DRAINS | $50,000 |

Auto-Owners Ins. Co.                          Issued    07-02-2019

| AGENCY | THE AMERICAN INSURANCE GROUP LLC | Company | POLICY NUMBER | 164619-03826384-19 |
|---|---|---|---|---|
| | 19-0283-00         MKT TERR 094 | Bill | | 03-46-TN-1608 |

| INSURED | CONCORDE CENTRE LLC | Term  08-24-2019  to  08-24-2020 |
|---|---|---|

Forms that apply to this coverage part:

| 64004 | (12-10) | 54198 | (12-10) | 54334 | (12-10) | 64020 | (12-10) | 54189 | (12-10) |
|---|---|---|---|---|---|---|---|---|---|
| 54186 | (12-10) | 54218 | (03-13) | 54217 | (03-13) | 54216 | (03-13) | 54214 | (03-13) |
| 54221 | (12-10) | 54220 | (06-00) | 54219 | (12-10) | 54338 | (03-13) | 54339 | (03-13) |
| 64010 | (12-10) | 64000 | (12-10) | | | | | | |

**Coverages Provided**

Insurance at the described premises applies only for coverages for which a limit of insurance is shown.

---

**LOCATION 0001 - BUILDING 0001**

---

**Location:** 7548 E Brainerd Rd, Chattanooga, TN 37421-3165

**Occupied As:** Mercantile

**Secured Interested Parties:** See Attached Schedule

**Rating Information**

| | |
|---|---|
| Territory: 331 | County: Hamilton |
| Program: Mercantile | Construction: Non-Comb |
| Protection Class: 01 | Class Code: 0702 |
| Specific Rate - Building: 0.180 | Specific Rate - Pers Prop: 0.153 |

| COVERAGE | COINSURANCE | DEDUCTIBLE | LIMIT | RATE | PREMIUM |
|---|---|---|---|---|---|
| BUILDING | | | $2,393,200 | | |
| Causes of Loss | | | | | |
|   Basic Group I | 100% | $10,000 | | 0.195 | $4,667.00 |
|   Basic Group II | 100% | $10,000 | | 0.077 | $1,843.00 |
|   Special | 100% | $10,000 | | 0.021 | $503.00 |
|   Theft | 100% | $10,000 | | | Included |
| OPTIONAL COVERAGE | | | | | |
|   Agreed Value Exp Date 08-24-2020 | | | | | |
|   Inflation Guard Factor Building 1.062 | | | | | |
|   Replacement Cost | | | | | |
|   Equipment Breakdown | | $10,000 | See Form 54843 | | $138.00 |
|   Property Plus Coverage Package | | None | See 55198 (12-10) | | $1,070.00 |
|   Tier: Premier | | | | | |
| ORDINANCE OR LAW | | | | | |
|   Coverage A-Undamaged Portion | | $10,000 | Incl in Bldg Limit | | Included |
|   Coverage B-Demolition | | $10,000 | $160,000 | | Included |
|   Coverage C-Increased Cost | | $10,000 | $160,000 | | Included |
| PERSONAL PROPERTY | | | $10,260 | | |
| Causes of Loss | | | | | |
|   Basic Group I | 100% | $10,000 | | 0.232 | $24.00 |
|   Basic Group II | 100% | $10,000 | | 0.196 | $20.00 |
|   Special | 100% | $10,000 | | 0.373 | $38.00 |
|   Theft | 100% | $10,000 | | | Included |

Auto-Owners Ins. Co.                                                                    Issued      07-02-2019

AGENCY   THE AMERICAN INSURANCE GROUP LLC                Company   **POLICY NUMBER   164619-03826384-19**
         19-0283-00              MKT TERR 094            Bill                           03-46-TN-1608

INSURED   CONCORDE CENTRE  LLC                                     Term  08-24-2019  to  08-24-2020

| COVERAGE | COINSURANCE | DEDUCTIBLE | LIMIT | RATE | PREMIUM |
|---|---|---|---|---|---|
| **OPTIONAL COVERAGE** | | | | | |
| Replacement Cost | | | | | |
| Inflation Guard Factor Personal Property 1.025 | | | | | |
| Equipment Breakdown | | $10,000 | See Form 54843 | | $2.00 |
| Property Plus Coverage Package | | None | See 55198 (12-10) | | $13.00 |
| Tier:  Premier | | | | | |
| **ORDINANCE OR LAW**<br>Coverage D-Tenant's I&B | | $10,000 | $160,000 | | Included |

Forms that apply to this building:

| 59350 | (01-15) | 54835 | (07-08) | IL0250 | (02-89) | IL0003 | (07-02) | 64224 | (01-16) |
|---|---|---|---|---|---|---|---|---|---|
| CP0090 | (07-88) | 64000 | (12-10) | 64013 | (12-10) | 64010 | (12-10) | 64020 | (12-10) |
| 64004 | (12-10) | 54843 | (11-17) | 59390 | (01-15) | | | | |

| COMMERCIAL PROPERTY COVERAGE - LOCATION 0001 SUMMARY | PREMIUM |
|---|---|
| TERRORISM - CERTIFIED ACTS   SEE FORM: 59350, 54835, 59390 | $83.00 |
| **LOCATION 0001** | **$8,401.00** |

**Secured Interested Parties and/or Additional Interested Parties**

Applies to Loc/Bldg(s):

0001/001
CORNERSTONE COMMUNITY BANK
ISAOA
6401 Lee Hwy
Chattanooga, TN  37421-2406
Interest:  Mortgagee

Applies to Loc/Bldg(s):

0001/001
SMARTBANK
ISAOA/ATIMA
Po Box 790
#20026180
Alcoa, TN  37701-0790
Interest:  Mortgagee

55040 (11-87)

## COMMERCIAL GENERAL LIABILITY COVERAGE

| COVERAGE | LIMITS OF INSURANCE |
|---|---|
| General Aggregate | $3,000,000 |
| (Other Than Products-Completed Operations) | |
| Products-Completed Operations Aggregate | $3,000,000 |
| Personal And Advertising Injury | $2,000,000 |

Auto-Owners Ins. Co.

AGENCY  THE AMERICAN INSURANCE GROUP LLC
       19-0283-00        MKT TERR 094

Company    **POLICY NUMBER  164619-03826384-19**
Bill                              03-46-TN-1608

INSURED  CONCORDE CENTRE LLC

Term  08-24-2019  to  08-24-2020

| COVERAGE | LIMITS OF INSURANCE |
|---|---|
| Each Occurrence | $2,000,000 |
| **COMMERCIAL GENERAL LIABILITY PLUS ENDORSEMENT** | |
| Damage to Premises Rented to You | $300,000 Any One Premises |
| (Fire, Lightning, Explosion, Smoke or Water Damage) | |
| Medical Payments | $10,000 Any One Person |
| Hired Auto & Non-Owned Auto | $2,000,000 Each Occurrence |
| Expanded Coverage Details See Form: | |
| Extended Watercraft | |
| Personal Injury Extension | |
| Broadened Supplementary Payments | |
| Broadened Knowledge Of Occurrence | |
| Additional Products-Completed Operations Aggregate | |
| Blanket Additional Insured - Lessor of Leased Equipment | |
| Blanket Additional Insured - Managers or Lessors of Premises | |
| Newly Formed or Acquired Organizations Extension | |
| Blanket Waiver of Subrogation | |

Twice the "General Aggregate Limit", shown above, is provided at no additional charge for each 12 month period in accordance with form 55885.

**AUDIT TYPE:** Non-Audited

Forms that apply to this coverage:

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| 59350 | (01-15) | 55405 | (07-08) | 55146 | (06-04) | IL0021 (07-02) | IL0250 | (02-89) |
| IL0017 | (11-85) | CG2106 | (05-14) | 55091 | (05-17) | CG0001 (04-13) | 55513 | (05-17) |
| CG2109 | (06-15) | 55029 | (05-17) | CG2196 | (03-05) | CG2132 (05-09) | CG2147 | (12-07) |
| 55885 | (05-17) | 59390 | (01-15) | | | | | |

**LOCATION 0001 -- BUILDING 0001**

**Location:** 7548 E Brainerd Rd, Chattanooga, TN 37421-3165

**Territory:** 003                       **County:** Hamilton

| CLASSIFICATION | CODE | SUBLINE | PREMIUM BASIS | RATE | PREMIUM |
|---|---|---|---|---|---|
| Commercial General Liability Plus Endorsement Included At 7.5% Of The Premises Operation Premium | 00501 | Prem/Op | Prem/Op Prem Included | Included | Included |
| Buildings Or Premises - Bank Or Office - Mercantile Or Manufacturing- Maintained By The Insured (Lessor's Risk Only) (For-Profit) | 61217 | Prem/Op Prod/Comp Op | Area 21,060 21,060 | Each 1000 30.636 .204 | $645.00 $4.00 |
| **COMMERCIAL GENERAL LIABILITY COVERAGE - LOCATION 0001 SUMMARY** | | | | | **PREMIUM** |
| TERRORISM - CERTIFIED ACTS   SEE FORM: 59350, 55405, 59390 | | | | | $6.00 |
| | | | | **LOCATION 0001** | $655.00 |

**EXHIBIT**

**2**

# SWORN STATEMENT IN PROOF OF LOSS

CLAIM NO. 300-0107704-2020

It is understood and agreed that the furnishing of this blank form and any assistance by any representative of the Company in completing it, does not waive any rights of the Company under any conditions of the policy.

The policy names __CONCORDE CENTER LLC__ as the insured and is/was effective from 12:01 a.m. _____ to 12:01 a.m. _____ . Policy number under which you have filed a claim is __03 826 384__ .

1. **Time and Origin:** A __WEATHER__ loss occurred on the __12__ day of __APRIL__ , 20__20__ at _____ ⊠AM ☐PM
   caused by _____

2. **Occupancy:** The building described or containing the property insured was occupied for no other purpose than the following: __BUSINESS USE__

3. **Title and Interest:** At the time of the loss the interest of the Insured in the property described was sole and unconditional ownership and no other person or persons had any interest therein, lien or encumbrance thereon, except: __N/A__

4. **Changes:** The following changes have occurred in the title, use, occupancy or possession of the property since the policy was written. If none, please say so. __N/A__

5. **Other Insurance:** List any and all insurance policies or binders that you or anyone else has that may cover any of the property for which a claim is included, oral or written __N/A__

6. **Damages:** Please itemize the damage or loss within each of these categories:

| Coverage Involved | Replacement Cost of Damage | Actual Cash Value of Damage | Total Insurance Under this Policy | Amount Claimed Under this Policy |
|---|---|---|---|---|
| Structure | Still Awaiting Contractors | Estimate | | |
| | | | | |
| | | | | |
| | | | | |
| **TOTALS** | | | | |

I understand I must support my claim through the submission of appropriate documentation and that whether submitted by me or on my behalf, any such submissions are material representations in making this claim. I understand that if my claimed amount is based upon replacement cost, if such policy provisions exist, those provisions must be met before such portions of the loss are payable.

I have not intentionally caused this loss. I have not in any way done anything to violate the conditions of the policy. The loss or damage did not occur as a result of my willful act or failure to act. I have not in any manner concealed any fact about the loss or tried to deceive the Company to the extent of the loss. I will provide any other information that may be necessary to support my claim and have reviewed statutory fraud provisions on the back of this form. STATE OF TENNESSEE

Subscribed and sworn to before me this __9__ day of __October__ , 20 __20__

State of __TN__ County of __Hamilton__

Notary Public _Anna Taylor_ expires __3/14/__

_____          _____
Insured                                Insured

18403 (2-17)

**(PLEASE REFER TO FRAUD LANGUAGE ON BACK BEFORE SIGNING)**

Pag

**EXHIBIT**

**3**

tabbies®

RENOVATION AND CONSTRUCTION AGREEMENT

RIDGECREST COMPANY, LLC

&

CONCORDE CENTER, LLC

This General Contractor Agreement ("Agreement") is made as of the 15th day of February, 2022 ("Effective Date") by and between Ridgecrest Company, LLC, a Tennessee limited liability company (hereinafter "Contractor") and Concorde Center, LLC, a Tennessee limited liability company (hereinafter "Owner").

WHEREAS, Contractor is a licensed general contractor in the State of Tennessee; and

WHEREAS, Owner owns a building located at 7550 East Brainerd Road in Chattanooga, Tennessee ("Property"); and

WHEREAS, Owner desires to enter into an agreement with Contractor for Contractor to provide renovation and construction services at the Property;

NOW, THEREFORE, in consideration of the mutual promises and covenants set forth in this Agreement, and for other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the parties intend to be legally bound as follows.

1. Work. Contractor agrees to provide all labor, materials, supervision, equipment, tools, and services necessary to provide completion of the project further described in the Scope of Work, drawings and plans attached hereto as Exhibit A and incorporated herein by reference ("Work"). Contractor will complete all Work in a good and workmanlike manner, free from material defects in workmanship and materials, and in accordance in all material respects with the Work, subject to alteration and change by amendment as provided in this Agreement.

2. Project Schedule. Time is of the essence. Contractor's Work shall follow the schedule attached hereto as Exhibit B. Owner acknowledges that delays caused by circumstances beyond Contractor's reasonable control may extend the time necessary for Contractor to achieve Substantial and Final Completion.

3. Payment and Payment Schedule. Progress payments shall be made based on Contractor's percent of completion of the items set forth in the Schedule of Values attached as Exhibit C. Contractor shall submit a monthly invoice to Owner indicating the percent of work complete on each item, and payment shall be due within twenty (20) days of invoice.

4. Changes in the Work. Approved changes in the Scope of Work, the Contract Price, or the time for Contractor's performance shall be set forth in a written change order signed by both parties.

1

5. **Release of Liens.** Upon receipt of Final Payment, Contractor shall cooperate with Owner to complete any Release of Liens requested by Owner.

6. **Compliance.** Contractor shall comply with all local, state, and federal laws applicable to the Work and its obligations in this Agreement. Contractor acknowledges and declares that it is familiar with the permitting and approval process of the city of Chattanooga ("City") and Hamilton County, Tennessee ("County"), and shall be responsible for filing and payment of all applications for licenses, building permits and other approvals required to be obtained from the City or the County in order to perform the Work.

7. **Indemnity**

   A. **Owner's Indemnity Obligations.** Owner shall defend, indemnify, and hold Contractor and each of its respective officers, directors, agents, representatives, and employees harmless from and against any and all damages, losses, fines, liabilities, obligations, awards, judgments, costs, expenses for personal injury, death, natural resource damage, property damage, reasonable costs of environmental studies, clean-up or remediation (including any governmental penalties or punitive damages), deficiencies, assessments, charges, or costs (including attorneys' fees and court costs) (collectively, "Claims"), arising from or as a result of any pre-existing condition, substance, chemical, or material existing on, under, in, or about the Property as of the Effective Date hereof, including those arising out of claims made under the Resource Conservation and Recovery Act ("RCRA"), the Comprehensive Environmental Response, Compensations and Liability Act ("CERCLA"), or similar federal statutes (including applicable regulations thereunder) or equivalent statutes adopted by the various States (including applicable regulations thereunder), as they may be from time to time amended, or under any other Environmental Law.

   B. **Contractor's Indemnity Obligations.**

      i. Except for any environmental matters for which Owner is obligated pursuant to Paragraph 7(A), above, Contractor shall indemnify, defend, and hold harmless Owner and each of its respective officers, directors, agents, representatives, and employees from and against all Claims of third parties to the extent they arise from the performance or non-performance of any obligation on Contractor's part to be performed under the terms of this Agreement, or arise from any negligence of Contractor, or the negligence of any of Contractor's agents, contractors, subcontractors, representatives or employees, and from and against all costs, attorney's fees, expenses, and liabilities incurred in the defense of any such claim or any action or proceeding brought therewith so long as such Claims do not arise or result, in whole or in part, from Owner's gross negligence and/or intentional misconduct.

2

ii. Except for any environmental matters for which Owner is obligated pursuant to Paragraph 7(A), above, Contractor shall indemnify, defend, and hold Owner and each of its respective officers, directors, agents, representatives, and employees harmless from and against all Claims made against Owner by any employees, contractors, suppliers or agents of Contractor and from and against all costs, attorney's fees, expenses, and liabilities incurred in the defense of any such claims or any action or proceeding brought therewith so long as such Claims do not arise or result, in whole or in part, from Owner's gross negligence and/or intentional misconduct.

iii. Except for any environmental matters for which Owner is obligated pursuant to Paragraph 7(A), above, Contractor shall indemnify, defend, and hold harmless Owner and each of its respective officers, directors, agents, representatives, and employees from and against all Claims arising from or with respect to the direct or indirect release, discharge, spillage, emission, escape, seepage, or disposal of any hazardous, toxic, or polluting substances or with respect to violations of or liabilities or obligations under any Environmental Laws or to the production, storage, labeling, treatment, or disposition of waste or hazardous or toxic substances, or the environmental conditions on, beneath or about the Property, resulting (a) from materials or substances brought to the Property by Contractor or its employees, contractors, subcontractors, agents or representatives or (b) from materials or substances taken from the Property to another location by Contractor or its employees, contractors, subcontractors, agents, or representatives so long as such Claims do not arise or result, in whole or in part, from Owner's gross negligence and/or intentional misconduct.

C. Consistent with Tenn. Code Ann. § 62-6-123, nothing in this Paragraph 7 shall be construed to require indemnity in the event that any claims arise solely from or with respect to the sole negligence of the party seeking indemnity.

D. The provisions of Paragraph 7 shall survive the termination of this Agreement; provided, however, that (a) any Claims that fall within the terms of the Limited Written Warranty hereunder shall be governed by the terms of such Limited Written Warranty; and (b) the provisions of this Paragraph 7 shall survive only for a period of four (4) years from the Final Completion Date, as such date may be amended by mutual agreement of the parties.

8. Term and Termination. The Term of this Agreement shall begin on the Effective Date and shall extend until Final Completion and Final Payment to Contractor. Notwithstanding, the foregoing, Section 7 and Section 9 shall survive the termination or expiration of this Agreement.

3

A. Either party shall have the right to terminate this Agreement under the following circumstances: If a party shall be in material breach of this Agreement, the non-breaching party shall provide a notice of breach and provide an opportunity to cure within fifteen (15) days. If the breaching party has not cured within fifteen (15) days of receipt of notice, the non-breaching party shall have the right to terminate this Agreement.

B. Contractor shall have the right to terminate this Agreement if, at any time, Owner is not able to provide proof of funding satisfactory to Contractor, in Contractor's sole discretion, to establish that Owner has sufficient funds to pay for Contractor's Work.

9. **Warranty.** Contractor represents and warrants to Owner that all materials furnished shall be new unless otherwise approved by Owner and that the Work shall be good quality, free from faults and defects, and in conformance with the Scope of Work. All Work not so conforming to these standards will be considered defective. Contractor shall promptly correct all Work rejected by the Owner as defective. For a period of two years after the date of acceptance of the Work by Owner or within such longer period as may be prescribed by law, if any of the Work is found to be defective or not in accordance with the Scope of Work, Contractor shall correct it promptly after receipt of written notice from Owner and shall repair any damage to adjacent facilities caused by Contractor while making such correction. Acceptance of the Work shall be deemed to have occurred on the date of payment by Owner of the final invoice for the Work. If Contractor fails to correct any defective Work within thirty days following the giving of written notice by Owner, Owner may proceed to have the defective Work corrected at the expense of Contractor. Contractor agrees to pay the cost of such corrections promptly upon receipt of an invoice therefor from Owner. Owner represents and warrants to Contractor that no third party approvals or sign offs are required in order for Owner to issue payment to Contractor.

10. **Dispute Resolution.** In the event of any dispute between the parties related to the Work, the parties shall first attempt to resolve the dispute amicably amongst themselves. If the dispute cannot be resolved through negotiation between themselves, the parties agree to submit their dispute to mediation by a mutually-agreed upon mediator to conduct a non-binding mediation. If the parties cannot agree on a mediator, mediation will be conducted by the American Arbitration Association. In the event that mediation does not result in a resolution of the dispute, the dispute shall be submitted to binding arbitration. Arbitration shall be conducted in Chattanooga, Tennessee in accordance with the Construction Industry Arbitration Rules of the American Arbitration Association. The costs of arbitration shall be borne by the non-prevailing party in the dispute or as otherwise equitably ordered by the arbitrator.

11. **Insurance.** Contractor agrees to maintain the insurance coverages required by Owner and described in Exhibit D.

12. **Force Majeure.** Contractor shall not be responsible for delays caused by circumstances beyond its reasonable control, including but not limited to, acts of God, fire, flood,

4

catastrophe, adverse weather conditions, material or facility shortages or unavailability, lack of transportation, imposition of governmental codes, ordinances, laws, rules, regulations or restrictions, national emergencies, insurrections, riots, wars, strikes, lockouts, work stoppages, pandemic, or labor difficulties.

13. Subcontractors. Owner acknowledges that Contractor may use the labor and services of subcontractors. Contractor will require a subcontractor agreement for use of any subcontractors on Owner's project.

14. Substantial and Final Completion. For purposes of this Agreement, Substantial Completion shall occur when Contractor obtains a Certificate of Occupancy for the Building. For purposes of this Agreement, Final Completion shall occur upon Owner's acceptance of completed punch list, which shall be signed by both Owner and Contractor.

15. Notice. Any required notices shall be sent by US mail, postage pre-paid to the following address for each party:

Ridgecrest, LLC                          Concorde, LLC
Attn: Lance Truett                       Attn: Andrew Adams
796 S. Crest Rd.                         208 Shady Ridge Lane
Chattanooga, TN 37404                    Chattanooga, TN 37405

                                         With a copy to:
                                         Everett L. Hixson III
                                         Evans Harrison Hackett PLLC
                                         835 Georgia Ave., Suite 800
                                         Chattanooga, TN 37402

16. General Provisions

A. This Agreement constitutes the final, complete, and entire written agreement of the parties and supersedes all previous communications, representations, agreements, promises, statements, proposals, and specifications, whether written or oral, by or between the parties, except as expressly referenced and adopted herein. This Agreement may be amended only in writing signed by each of the parties to this Agreement.

B. This Contract shall be governed by and interpreted and enforced under the laws of the State of Tennessee without regard to the conflicts of law provisions.

C. Both parties acknowledge that they have had an opportunity to review and negotiate the provisions set forth in this Agreement. There shall be no construction against the drafter of this Agreement.

D. If any provision of this Contract is found to be illegal or otherwise invalid, then the validity of the remaining provisions shall not be impaired. The Parties shall attempt to replace any invalid provision with a valid provision having substantially the same commercial effect as

5

such invalid provision and the replacement provision shall be deemed effective retroactively to the effective date of this Agreement.

E. No delay or failure of either party in exercising any right or power under this Agreement shall operate as a waiver of such right or power to prevent the future exercise of such right or power. Any waiver at any time by either party of its rights with respect to this Agreement shall not be deemed a continuing waiver or a waiver with respect to any other failure to comply with any other obligation, right, or duty of this Agreement. Any waiver of this Agreement must be contained in a writing signed by the party charged with the waiver.

F. Contractor and Owner certify that they are independent parties, acting as independent contractors and independent employers. Nothing herein shall be construed to create a partnership, joint venture, or agency relationship between Owner and Contractor, and neither party shall have the authority to bind the other party in any respect.

G. Nothing contained in this Contract shall be construed as creating rights in third parties, and the parties hereby express their intent that this Agreement is not intended to benefit third parties in any manner.

H. In the event of litigation regarding this Agreement, the losing party shall pay the prevailing party's reasonable attorney's fees and costs of court.

By their signatures below, each party accepts the terms of this Agreement.

RIDGECREST COMPANY, LLC

Lance A. Truett
_____
Printed Name: Lance Truett_____
Title: President_____

CONCORDE CENTER, LLC

Andrew Adams
_____
Printed Name: Andrew Adams_____
Title: Managing Member_____

6

# Exhibit A



12/30/21

**RE: Concorde Center Exterior Façade**

Ridgecrest Company proposes to furnish all labor, equipment and supervision necessary to complete the EXTERIOR RENOVATION scope as per plan dated 08/20/21 and as clarified below:

<u>**Scope of Work**</u>
Replacing two accent towers including steel structural modifications to the existing roof structure with masonry column bases and brick veneers.
Replacing approximately 405 lineal feet of existing canopy structure with flat-roof configuration including repairs to existing EIFS façade and adding metal panel detail above.
Replacing canopy ceiling structure and updating / repairing lighting as designed.
Sidewalk and asphalt patching as required to accommodate new tower footing construction.
Roof coping tie in from new to existing

<u>**Exclusions**</u>
No work included to existing structure, parking lot, sidewalks, roofing, HVAC, electrical, plumbing, or site not specifically outlined in the Construction Documents.

Standard Exclusions: Bonds, special permits, testing, engineering, unforeseen conditions, scope not specifically listed above

TN Contractor's License:  00075304

**EXTERIOR RESTORATION & REPAIR FROM TORNADO DAMAGE**
**CONCORDE CENTER**
**7550 EAST BRAINERD ROAD**

**DRAWING LOG**

| SHEET NO. | DESCRIPTION | DATE |
|---|---|---|
| T-1 | TITLE SHEET / SITE PLAN | 08.20.21 |
| A-1 | DEMO PLAN | 08.20.21 |
| A-2 | ELEVATIONS | 08.20.21 |
| A-3 | SIDEWALKS / STRIPING | 08.20.21 |
| A-4 | TOWER SECTION | 08.20.21 |
| A-5 | FOUNDATIONS | 08.20.21 |
| A-6 | STEEL FRAMING | 08.20.21 |
| A-7 | STRUCTURAL SECTIONS | 08.20.21 |
| A-8 | STRUCTURAL SECTIONS | 08.20.21 |
| A-9 | STRUCTURAL SECTIONS | 08.20.21 |
| E-1 | ELECTRICAL | 08.20.21 |
| SHEET 1 | STRUCTURAL DETAILS | 08.10.21 |
| SHEET 2 | STRUCTURAL DETAILS | 08.10.21 |
| SHEET 3 | STRUCTURAL DETAILS | 08.10.21 |
| SHEET 4 | STRUCTURAL DETAILS | 08.10.21 |
| SHEET 5 | STRUCTURAL DETAILS | 08.10.21 |
| SHEET 6 | STRUCTURAL DETAILS | 08.10.21 |
| SHEET 7 | STRUCTURAL DETAILS | 08.10.21 |



EXTERIOR RESTORATION & REPAIR FROM TORNADO DAMAGE

# CONCORDE CENTER

7550 EAST BRAINERD ROAD
CHATTANOOGA TENNESSEE

**GENERAL NOTES**

**SCOPE OF WORK**

**VICINITY PLAN**

**PHOTO**

**PHOTO**

**SITE PLAN**

EAST BRAINERD ROAD

CONCORDE CENTER

JOHNSON

T-1



DEMOLITION
SLOPED ROOF CANOPY

1 SECTION

EXISTING SHOPPING CENTER
INTERIOR WALLS NOT SHOWN
NO INTERIOR WORK IN THIS
CONTRACT EXCEPT AS REQUIRED
TO CONSTRUCT NEW TOWERS

FLOOR PLAN

JOHNSON
ARCHITECTURE

CONCORDE CENTER

A-1



EAST ELEVATION

WEST ELEVATION

NORTH ELEVATION

2 DETAIL

1 SECTION

Thomas JOHNSON ARCHITECTURE

CONCORDE CENTER

A-2



**1** EAST END SIDEWALK PLAN

**2** WEST END SIDEWALK PLAN

HANDICAPPED
PARKING SIGN

HANDICAPPED PARKING
SPACE SYMBOL



1 SECTION

2 ELEVATION

A-4



**3 DETAIL**

**1 PLAN OF CONCRETE COLUMN BASES**

**2 PLAN OF BRICK COLUMNS**

JOHNSON
ARCHITECT, PC

CONCORDE CENTER

A-5



**3 SECTION THRU ROOF**

**1 TOWER FRAMING PLAN**

**2 ROOF FRAMING PLAN**

A-6



3 DETAIL

2 DETAIL

KEY PLAN

1 SECTION

JOHNSON
ARCHITECT

CONCORDE CENTER

A-7



Case 1:23-cv-00117-CEA-SKL   Document 1-1   Filed 05/19/23   Page 45 of 66   PageID #: 49



2 DETAIL

KEY PLAN

1 SECTION

Case 1:23-cv-00117-CEA-SKL   Document 1-1   Filed 05/19/23   Page 46 of 66   PageID #: 50



### GENERAL ELECTRICAL NOTES

1. All work to conform to Latest Edition of the N.E.C. and all state and ace codes. All work to be provided by licensed electrical contractor.

2. Contractor to provide conduring to new exterior lights as shown. New LED can lights installed as shown on Sheet 2 / E-1. New LED wall sconce lights on monolery columns as shown in Elevation 1 / E-

3. Contractor to design will be 1803 watts of lighting per circuit, all circuits to be sized and installed per 2017 N.E.C.

4. Existing Electrical panels to be used for new lighting.

5. Remove existing fluorescent lighting fixtures and wiring. Contractor may use these existing circuit breakers for the new lighting.

6. Electric Power is currently turned on in Owners name. Owner to pay power bill during construction.

7. Provide photocell control of all soffit can lights and wall sconces on towers.

8. All wiring to be in conduit or be cable mounted per code.

### ELECTRICAL LIGHTING LEGEND

**EXISTING SHOPPING CENTER INTERIOR WALLS NOT SHOWN. NO INTERIOR WORK IN THIS CONTRACT EXCEPT AS REQUIRED TO CONSTRUCT NEW TOWERS**

**2  SECTION**

**1  TOWER ELEVATION**

**FLOOR PLAN**

THOMAS
**JOHNSON**
ARCHITECTURE

**CONCORDE CENTER**

**E-1**



2̄ 2̄

1̄ 1̄

DETAIL #7

FOUNDATION
DETAIL #1
SHEET #6

| CORNER TOWERS | SHEET #1 | PENNINGTON ENGINEERING, LLC |
|---|---|---|
| CONCORD CENTER | | 8/10/21 |

KERRY B. PENNINGTON
REGISTERED ENGINEER
No. 110364
STATE OF TENNESSEE

8-10-21



HSS4X4X1/4"

1/4" TYP.

HSS4X4X1/4"

HSS12X8X1/4"

DETAIL #3
SHEET #3

45°

SECTION 1—1

DETAIL #2
SHEET #3

| CORNER TOWERS | SHEET #2 | PENNINGTON ENGINEERING, LLC |
|---|---|---|
| CONCORD CENTER | | 8/10/21 |

8-10-21



1"X18X20" ℞
3/4"ØX12"
J-BOLTS

1"X12X20" ℞
3/4"ØX12"
J-BOLTS

1/4" (TYP.

(TYP.

1'-4"

8"

DETAIL #3

TYP. 1/4"

1'-4"

DETAIL #2

| CORNER TOWERS | SHEET #3 | PENNINGTON ENGINEERING, LLC |
|---|---|---|
| CONCORD CENTER | | 8/10/21 |

8-10-21



PERIMETER BEAM
HSS12X4X1/4" TYP.

|←— 15' —→|

HSS12X6X1/4" TYP.

15'

3

4

4'-6"  |  5'  |  5'  |  5'  |  4'-6"

SECTION 2-2
ROOF STEEL

(TYP.)

1/4" TYP.

DETAIL #5
SHEET #5

DETAIL #4
SHEET #5

SECTION 3-3

DETAIL #4
SHEET #5

SECTION 4-4

| CORNER TOWERS | SHEET #4 | PENNINGTON ENGINEERING, LLC |
| CONCORD CENTER | | 8/10/21 |

KERRY B. PENNINGTON
REGISTERED ENGINEER
No. 109364
STATE OF TENNESSEE

8-10-21



TYP

TYP 1/4"

1/4" (TYP.)

DETAIL #6

DETAIL #4

TYP

1/4" (TYP.)

HSS6X6X1/4"
COLUMN SUPPORT

DETAIL #5

3/4"øX12"
J-BOLTS

3"

3"

1"-4"

1" PLATE
22"X22"

1'-4"

DETAIL #6

| CORNER TOWERS | SHEET #5 | PENNINGTON ENGINEERING, LLC |
| CONCORD CENTER | | 8/10/21 |

8-10-21



TYP 4" / 4"

C6X8.5 POSITION
OVER BAR JOIST
JOINT

TYP 1/4"

1/2"X4X4 PLATE
BOLTED TO
BAR JOIST ANGLE

LENGTH AS REQ'D
SUPPORT BY TWO
BAR JOISTS

DETAIL #6

| CORNER TOWERS | SHEET #6 | PENNINGTON ENGINEERING, LLC |
|---|---|---|
| CONCORD CENTER | | 8/10/21 |

8-10-21



CONCRETE 3000 PSI MIN.

#6 GR60 REBAR

#4 GR60 STIRRUPS 12"O.C.

#6 GR60 REBAR

2' SPLICE

#6 REBAR @6" O.C. TWO WAY

2'-6"

3" CLR

6'-6" X 6'-6"

UNDISTURBED SOIL

1' MIN.

6" COMPACTED CRUSHED STONE/ GRAVEL BASE

2'-7⅝"

DETAIL #1
FOUNDATION TYP.

ALL REBAR 2" CLR TO EDGE OF CONCRETE UNLESS NOTED

1'-4"

5'

15'

5'

15'

FOUNDATION PLAN

| CORNER TOWERS | SHEET #7 | PENNINGTON ENGINEERING, LLC |
|---|---|---|
| CONCORD CENTER | | 8/10/21 |

8-10-21

# Exhibit B

| ID | Task Name | Duration | Start |
|---|---|---|---|
| 0 | Concorde Center | 117 days | Thu 2/3/22 |
| 1 | General Conditions | 11 days | Thu 2/3/22 |
| 2 | Contract negotiation | 10 days | Thu 2/3/22 |
| 3 | Sign contract | 1 day | Thu 2/17/22 |
| 4 | Apply for Permits | 0 days | Thu 2/17/22 |
| 5 | Secure foundation permit | 0 days | Thu 2/17/22 |
| 6 | Secure framing permit | 0 days | Thu 2/17/22 |
| 7 | Secure electrical permit | 0 days | Thu 2/17/22 |
| 8 | Secure miscellaneous permits | 0 days | Thu 2/17/22 |
| 9 | Site Prep | 3 days | Fri 2/18/22 |
| 10 | Traffic and Pedestrian Control | 2 days | Fri 2/18/22 |
| 11 | Locate Dumpster | 1 day | Tue 2/22/22 |
| 12 | Locate Temp Toilets | 0 days | Mon 2/21/22 |
| 13 | Sidewalk Protection | 1 day | Tue 2/22/22 |
| 14 | East Tower | 54 days | Thu 2/24/22 |
| 15 | Roof Reinforcement | 5 days | Thu 2/24/22 |
| 16 | Footings | 4 days | Thu 2/24/22 |
| 17 | Perform foundation inspection | 1 day | Thu 2/24/22 |
| 18 | Block Installation | 10 days | Wed 3/2/22 |
| 19 | Electrical Rough | 3 days | Wed 3/16/22 |
| 20 | Block Fill | 1 day | Mon 3/21/22 |
| 21 | Steel | 5 days | Tue 3/22/22 |
| 22 | Brick | 10 days | Tue 3/29/22 |
| 23 | Roofing | 3 days | Tue 4/12/22 |
| 24 | Framing | 3 days | Fri 4/15/22 |
| 25 | Wood Ceilings | 10 days | Wed 4/20/22 |
| 26 | Paint | 2 days | Wed 5/4/22 |
| 27 | Light Fixtures | 3 days | Fri 5/6/22 |
| 28 | West Tower | 54 days | Thu 3/3/22 |
| 29 | Roof Reinforcement | 5 days | Thu 3/3/22 |
| 30 | Perform foundation inspection | 1 day | Thu 3/3/22 |
| 31 | Footings | 4 days | Thu 3/3/22 |
| 32 | Block Installation | 10 days | Wed 3/9/22 |
| 33 | Electrical Rough | 3 days | Wed 3/23/22 |
| 34 | Block Fill | 1 day | Mon 3/28/22 |
| 35 | Steel | 5 days | Tue 3/29/22 |
| 36 | Brick | 10 days | Tue 4/5/22 |
| 37 | Roofing | 3 days | Tue 4/19/22 |
| 38 | Framing | 3 days | Fri 4/22/22 |
| 39 | Wood Ceilings | 10 days | Wed 4/27/22 |
| 40 | Paint | 2 days | Wed 5/11/22 |
| 41 | Light Fixtures | 3 days | Fri 5/13/22 |



Page 1

| ID | Task Name | Duration | Start |
|---|---|---|---|
| 42 | Phase One Canopies -East | 28 days | Thu 5/12/22 |
| 43 | Remove canopies | 5 days | Thu 5/12/22 |
| 44 | Framing Modifications | 5 days | Thu 5/19/22 |
| 45 | EIFS | 5 days | Thu 5/26/22 |
| 46 | Membrane Roof | 3 days | Thu 6/2/22 |
| 47 | Metal Panels | 5 days | Tue 6/7/22 |
| 48 | Paint | 4 days | Tue 6/14/22 |
| 49 | Gutters | 1 day | Mon 6/20/22 |
| 50 | Phase One Canopies -North | 35 days | Thu 5/19/22 |
| 51 | Remove canopies | 7 days | Thu 5/19/22 |
| 52 | Framing Modifications | 7 days | Mon 5/30/22 |
| 53 | EIFS | 8 days | Wed 6/8/22 |
| 54 | Membrane Roof | 3 days | Mon 6/20/22 |
| 55 | Metal Panels | 5 days | Thu 6/23/22 |
| 56 | Paint | 4 days | Thu 6/30/22 |
| 57 | Gutters | 1 day | Wed 7/6/22 |
| 58 | Phase One Canopies -West | 28 days | Mon 5/30/22 |
| 59 | Remove canopies | 5 days | Mon 5/30/22 |
| 60 | Framing Modifications | 5 days | Mon 6/6/22 |
| 61 | EIFS | 5 days | Mon 6/13/22 |
| 62 | Membrane Roof | 3 days | Mon 6/20/22 |
| 63 | Metal Panels | 5 days | Thu 6/23/22 |
| 64 | Paint | 4 days | Thu 6/30/22 |
| 65 | Gutters | 1 day | Wed 7/6/22 |
| 66 | Final Acceptance | 8 days | Wed 7/6/22 |
| 67 | City Final Inspection | 1 day | Wed 7/6/22 |
| 68 | Certificate of Occupancy | 1 day | Thu 7/7/22 |
| 69 | Owner Final Inspection | 1 day | Fri 7/8/22 |
| 70 | Complete punch list items | 5 days | Mon 7/11/22 |

January 2022
February 2022
March 2022
April 2022
May 2022
June 2022
July 2022

# Exhibit C

## SCHEDULE OF VALUES

| | | |
|---|---|---|
| 1000 - GENERAL CONDITIONS | $ | 62,096 |
| SITE & DEMO | $ | 40,250 |
| 3000 - CONCRETE | $ | 33,316 |
| 4000 - MASONRY | $ | 68,500 |
| 5000 - STEEL | $ | 79,507 |
| 6000 - WOOD & PLASTICS | $ | 70,250 |
| 7000 - ROOFING & INSULATION | $ | 201,440 |
| 9000 - FINISHES | $ | 29,250 |
| 16000 - ELECTRICAL | $ | 31,150 |
| COST OF CONSTRUCTION | $ | 615,759 |
| OHP 5% | $ | 30,788 |
| CONTRACT VALUE | $ | 646,547 |

# Exhibit D



RIDGCOM-01  SWHITLOW

# CERTIFICATE OF LIABILITY INSURANCE

DATE (MM/DD/YYYY)
1/3/2022

THIS CERTIFICATE IS ISSUED AS A MATTER OF INFORMATION ONLY AND CONFERS NO RIGHTS UPON THE CERTIFICATE HOLDER. THIS CERTIFICATE DOES NOT AFFIRMATIVELY OR NEGATIVELY AMEND, EXTEND OR ALTER THE COVERAGE AFFORDED BY THE POLICIES BELOW. THIS CERTIFICATE OF INSURANCE DOES NOT CONSTITUTE A CONTRACT BETWEEN THE ISSUING INSURER(S), AUTHORIZED REPRESENTATIVE OR PRODUCER, AND THE CERTIFICATE HOLDER.

IMPORTANT: If the certificate holder is an ADDITIONAL INSURED, the policy(ies) must have ADDITIONAL INSURED provisions or be endorsed. If SUBROGATION IS WAIVED, subject to the terms and conditions of the policy, certain policies may require an endorsement. A statement on this certificate does not confer rights to the certificate holder in lieu of such endorsement(s).

| PRODUCER | CONTACT NAME: Samantha Whitlow | | |
|---|---|---|---|
| Insurance Group of America LLC<br>6640 Carothers Parkway, Suite 160<br>Franklin, TN 37067 | PHONE (A/C, No, Ext): (615) 905-6957 | | FAX (A/C, No): (615) 905-1698 |
| | E-MAIL ADDRESS: Samantha.Whitlow@IGA.Biz | | |
| | INSURER(S) AFFORDING COVERAGE | | NAIC # |
| | INSURER A : Westfield Ins Co | | 24112 |
| INSURED | INSURER B : Builders Mutual Ins Co | | 10844 |
| Ridgecrest Company LLC<br>796 S Crest Road<br>Chattanooga, TN 37404 | INSURER C : | | |
| | INSURER D : | | |
| | INSURER E : | | |
| | INSURER F : | | |

## COVERAGES          CERTIFICATE NUMBER:                    REVISION NUMBER:

THIS IS TO CERTIFY THAT THE POLICIES OF INSURANCE LISTED BELOW HAVE BEEN ISSUED TO THE INSURED NAMED ABOVE FOR THE POLICY PERIOD INDICATED. NOTWITHSTANDING ANY REQUIREMENT, TERM OR CONDITION OF ANY CONTRACT OR OTHER DOCUMENT WITH RESPECT TO WHICH THIS CERTIFICATE MAY BE ISSUED OR MAY PERTAIN, THE INSURANCE AFFORDED BY THE POLICIES DESCRIBED HEREIN IS SUBJECT TO ALL THE TERMS, EXCLUSIONS AND CONDITIONS OF SUCH POLICIES. LIMITS SHOWN MAY HAVE BEEN REDUCED BY PAID CLAIMS.

| INSR LTR | | TYPE OF INSURANCE | ADDL INSD | SUBR WVD | POLICY NUMBER | POLICY EFF (MM/DD/YYYY) | POLICY EXP (MM/DD/YYYY) | LIMITS | |
|---|---|---|---|---|---|---|---|---|---|
| A | X | COMMERCIAL GENERAL LIABILITY | | | CWP103959Q | 8/13/2021 | 8/13/2022 | EACH OCCURRENCE | $ 1,000,000 |
| | | CLAIMS-MADE [X] OCCUR | | | | | | DAMAGE TO RENTED PREMISES (Ea occurrence) | $ 500,000 |
| | | | | | | | | MED EXP (Any one person) | $ 5,000 |
| | | | | | | | | PERSONAL & ADV INJURY | $ 1,000,000 |
| | | GEN'L AGGREGATE LIMIT APPLIES PER | | | | | | GENERAL AGGREGATE | $ 2,000,000 |
| | | POLICY [X] PRO-JECT [X] LOC | | | | | | PRODUCTS - COMP/OP AGG | $ 2,000,000 |
| | | OTHER: | | | | | | | $ |
| | | AUTOMOBILE LIABILITY | | | | | | COMBINED SINGLE LIMIT (Ea accident) | $ |
| | | ANY AUTO | | | | | | BODILY INJURY (Per person) | $ |
| | | OWNED AUTOS ONLY / SCHEDULED AUTOS | | | | | | BODILY INJURY (Per accident) | $ |
| | | HIRED AUTOS ONLY / NON-OWNED AUTOS ONLY | | | | | | PROPERTY DAMAGE (Per accident) | $ |
| | | | | | | | | | $ |
| | | UMBRELLA LIAB / OCCUR | | | | | | EACH OCCURRENCE | $ |
| | | EXCESS LIAB / CLAIMS-MADE | | | | | | AGGREGATE | $ |
| | | DED / RETENTION $ | | | | | | | $ |
| B | | WORKERS COMPENSATION AND EMPLOYERS' LIABILITY   Y/N | | | WCP 1074106 01 | 8/13/2021 | 8/13/2022 | [X] PER STATUTE / OTH-ER | |
| | | ANY PROPRIETOR/PARTNER/EXECUTIVE OFFICER/MEMBER EXCLUDED? [N] (Mandatory in NH) | N/A | | | | | E.L. EACH ACCIDENT | $ 1,000,000 |
| | | | | | | | | E.L. DISEASE - EA EMPLOYEE | $ 1,000,000 |
| | | If yes, describe under DESCRIPTION OF OPERATIONS below | | | | | | E.L. DISEASE - POLICY LIMIT | $ 1,000,000 |

DESCRIPTION OF OPERATIONS / LOCATIONS / VEHICLES (ACORD 101, Additional Remarks Schedule, may be attached if more space is required)

| CERTIFICATE HOLDER | CANCELLATION |
|---|---|
| For Info Only | SHOULD ANY OF THE ABOVE DESCRIBED POLICIES BE CANCELLED BEFORE THE EXPIRATION DATE THEREOF, NOTICE WILL BE DELIVERED IN ACCORDANCE WITH THE POLICY PROVISIONS. |
| | AUTHORIZED REPRESENTATIVE |

ACORD 25 (2016/03)          © 1988-2015 ACORD CORPORATION. All rights reserved.

The ACORD name and logo are registered marks of ACORD

**Signature:** *Amy A*
Andrew Adams (Feb 15, 2022 08:56 EST)

**Email:** concorde7550@gmail.com

**Signature:** *Lance A. Truett*
Lance A. Truett (Feb 16, 2022 16:13 EST)

**Email:** lancetruett@gmail.com

# 2022.02.14 Ridgecrest General Contractor Agreement vfinal

**Final Audit Report** 2022-02-16

| | |
|---|---|
| Created: | 2022-02-14 |
| By: | Rett Hixson (rhixson@ehhlaw.com) |
| Status: | Signed |
| Transaction ID: | CBJCHBCAABAA7Td_FhLVazk7eNkJ00u-Zd4HGoM0FL6U |

## "2022.02.14 Ridgecrest General Contractor Agreement vfinal" History

- Document created by Rett Hixson (rhixson@ehhlaw.com)
  **2022-02-14 - 9:40:50 PM GMT**

- Document emailed to Andrew Adams (concorde7550@gmail.com) for signature
  **2022-02-14 - 9:42:48 PM GMT**

- Document emailed to Lance A. Truett (lancetruett@gmail.com) for signature
  **2022-02-14 - 9:42:48 PM GMT**

- Document e-signed by Andrew Adams (concorde7550@gmail.com)
  Signature Date: 2022-02-15 - 1:56:26 PM GMT - Time Source: server

- Email viewed by Lance A. Truett (lancetruett@gmail.com)
  **2022-02-16 - 9:12:15 PM GMT**

- Document e-signed by Lance A. Truett (lancetruett@gmail.com)
  Signature Date: 2022-02-16 - 9:13:36 PM GMT - Time Source: server

- Agreement completed.
  **2022-02-16 - 9:13:36 PM GMT**

 **Adobe Sign**



| From: | Rett Hixson |
| --- | --- |
| To: | Lazarre, Dominique |
| Cc: | AOCAT.Clm; Bo Hixson |
| Subject: | RE: CONCORDE CENTRE LLC - 300-0107704-2020 |
| Date: | Friday, April 1, 2022 2:26:00 PM |
| Attachments: | 2022.02.14 Ridgecrest General Contractor Agreement vfinal - signed.pdf |
| | image001.png |

Dear Dominique,

Please see the attached contract, plans, scope of services, and period of restoration.

Sincerely,

Rett

**EVERETT L. HIXSON III**
**EVANS HARRISON HACKETT PLLC**
DIRECT DIAL: (423) 693-2206
RHIXSON@EHHLAW.COM

**From:** Lazarre, Dominique <Lazarre.Dominique@aoins.com>
**Sent:** Thursday, March 10, 2022 12:46 PM
**To:** Rett Hixson <rhixson@ehhlaw.com>
**Cc:** AOCAT.Clm <AOCAT.Clm@aoins.com>
**Subject:** CONCORDE CENTRE LLC - 300-0107704-2020

Hello Rhett,

I've attached a copy of our estimate for this claim.

To date, we have paid $513,059.39 under the building coverage. We have also paid $150,000 (coverage limit) for business income and extra expenses (BI/EE). Loss of rents and commercial generator rental exhausted most of the limit under the BI/EE coverage. BI/EE is not included in the estimate.

Please provide an itemized repair estimate and the period of restoration.

All claim documents should be sent to aocat@aoins.com. Please include the claim number in the subject line on all correspondence.

Thank you,

**Dominique Lazarre** AINS, AIC, SCLA
CLAIMS EXAMINER
CATASTROPHE CLAIMS BRANCH
AUTO-OWNERS INSURANCE
p: 844.296.4053 ext. 53271
aocat@aoins.com



You can track the status of your claim by visiting the
**Auto-Owners Customer Center**